# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Jermaine Shuman,

    Plaintiff,

v.

National Credit Adjusters, LLC

    Defendant

Civil Action File No.:

**COMPLAINT WITH**
**JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Jermaine Shuman, is a natural person who resides in Cobb County, Georgia.

2. Defendant, National Credit Adjusters, LLC, is a limited liability corporation headquartered in Hutchinson, Kansas.  Defendant may be served with

1

process via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card account which was used for ordinary consumer goods and services.

8. Defendant's principal business is the purchase of consumer debt and the collection of those accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In October 2020, the Plaintiff received an alert from a credit monitoring service that advised him that the Defendant had reported a derogatory tradeline to his Experian credit file.

13. Based upon information contained in that alert, the Plaintiff mailed a letter on October 7th, 2020 to the Defendant at its business address. The letter requested validation of the Defendant's claim. In addition, the Plaintiff included the following request, "[i] if your offices can provide the proper documentation as requested . . . I will require 30 days to investigate this information and during such time all collection activity must cease and desist."

14. The Plaintiff's letter was, per United Stated Postal Service, delivered to and received by the Defendant on October 13th, 2020 at 10:46 a.m.

15. On October 14, 2020 the Defendant placed three separate calls to the Plaintiff's cell phone in furtherance of its collection efforts.

16. Shortly thereafter, Plaintiff received the letter from Defendant dated October 20, 2020 which acknowledged his request for validation of the debt and his dispute. Per the Defendant, as of October 14th, 2020 it had moved the Plaintiff's account into a "hold status" which temporarily prevented further communication in regard to his account. Moreover, the letter informed the Plaintiff that Defendant had placed the account into a "disputed status" which likewise temporarily ceased collection activity.

17. Notwithstanding the assurances by the Defendant, on October 15th, 2020 it reported the negative tradeline in collection to both TransUnion and Experian credit files relating to the Plaintiff. In neither report did it indicate that the debt had been disputed.

18. The Defendant called the Plaintiff again on October 16, 2020 at approximately 12:39 p.m. EST.

19. At the end of October 2020, the Plaintiff received a letter from Defendant dated October 20, 2020 that purported to be validation of the debt in collection.

20. On the same date, the Plaintiff received a second letter from the Defendant, dated October 22, 2020. This second letter advised the Plaintiff that the Defendant had purchased the delinquent account in collection, and which had been the subject of previous correspondence between the parties. It also set forth proposed resolutions for the account.

21. The Fair Debt Collection Practice Act and specifically 15 U.S.C. § 1692c(c) allows a consumer to limit the contact and communications it receives from a collector.

22. The calls placed by the Defendant on October 14th and October 16th as well as the collection letter dated October 22, 2020 were all clear violations of the Defendant's right to remain free of such contact after the admonitions contained in his letter of October 7th, 2020.

## INJURIES-IN-FACT

23. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

27. Defendant's acts and omissions caused particularized harm to the Plaintiff in that he was denied his right to be free of collection communications while he assessed the account.

28. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

d.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant was going to continue collection communications despite Plaintiff's specific request to halt such communications. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

*Violations of 15 U.SC. § 1692c and subparts*

31. A debt collector may not, subject to specific exceptions, communicate with a consumer the consumer notifies the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer. 15 U.SC. § 1692c(c).

32. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

33. The calls and correspondence from the Defendant to the Plaintiff after October 13, 2020 violated 15 U.S.C. § 1692c(c).

*Violations of 15 U.SC. § 1692e and its subparts*

34. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

35. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

36. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

37. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

38. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

39. Defendant's representations that it would mark the debt of the Plaintiff in dispute and that it would stop collection activities for a period of time

was false and materially misleading and in violation of 15 U.S.C. § 1692e, 1692e(5), and 1692e(10).

40. The Defendant's failure to advise Experian and TransUnion that the debt it reported on October 15th, 2020 was disputed by the Plaintiff, was in violation of 15 U.S.C. § 1692e, 1692e(2)A, 1692e(8), and 1692e(10).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

41. Plaintiff incorporates by reference paragraphs 1 through 29 and 31 through 40 as though fully stated herein.

42. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

44. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

47. Defendant's conduct has implications for the consuming public in general.

48. Defendant's conduct negatively impacts the consumer marketplace.

49. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

50. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

52. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

53. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

54. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of November 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*

*Plaintiff's Attorneys*